## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAFARI A. HAYNES** : | **Jury Trial Demanded** |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Civil Action No. 15-1389** |
| : | |
| **CLARION UNIVERSITY OF** : | |
| **PENNSYLVANIA** : | |
| : | |
| **MATTHEW SHAFFER** : | |
| **COORDINATOR OF JUDICIAL AFFAIRS** : | |
| **AND RESIDENCE LIFE EDUCATION** : | |
| **AT CLARION UNIVERSITY** : | |
| : | |
| **HARRY TRIPP** : | |
| **VICE PRESIDENT OF STUDENT LIFE** : | |
| **AND UNIVERSITY AFFAIRS AT** : | |
| **CLARION UNIVERSITY** : | |
| : | |
| **CHRISTOPHER MCCARRICK** : | |
| **CHAIRMAN OF CLARION UNIVERSITY** : | |
| **CONDUCT BOARD AT CLARION** : | |
| **UNIVERSITY** : | |
| : | |
| **KAREN WHITNEY** : | |
| **PRESIDENT OF CLARION UNIVERSITY** : | |
| : | |
| **LISA HEPLER** : | |
| **REGISTRAR AT CLARION UNIVERSITY** : | |
| : | |
| **JOHN DOE** : | |
| **EMPLOYEE AT CLARION UNIVERSITY** : | |
| **Defendants** : | |

## AMENDED COMPLAINT

## INTRODUCTION

Plaintiff, Tafari A. Haynes, brings this action for a declaratory judgment, violation of Title IX, violation of 42 U.S.C. § 1983, related state law claims, damages and injunctive relief.  This case arises out of the Defendants' decision to expel Plaintiff from Clarion University for a sexual assault he did not commit, in violation of his Constitutional and federal statutory rights.  Even after evidence emerged exonerating Plaintiff, Defendants refused to reconsider this decision, and also refused to change defamatory statements on Plaintiff's transcripts indicating that he had committed a sexual assault and failed his classes during the fall semester of 2013. These actions have had devastating consequences for Plaintiff, for which he here seeks injunctive relief and appropriate compensation.  Plaintiff, by and through his undersigned counsel, files this Amended Complaint against the named defendants and, in support thereof, makes the following allegations.

## PARTIES

1.      Plaintiff, Tafari A. Haynes (hereinafter "Plaintiff"), is an adult African-American male residing in the Commonwealth of Pennsylvania.  During the events described herein, Plaintiff was a student at Clarion University of Pennsylvania.

2.      Defendant, Clarion University of Pennsylvania (hereinafter "Clarion" or "the University"), is a public college with a principal address of 840 Wood Street, Clarion, Pennsylvania 16214.  It is one of fourteen universities that are part of the Pennsylvania State System of Higher Education ("PASSHE").

3.     At all relevant times hereto, Clarion was acting through its agents, servants, and employees, and representatives who were acting in the course and scope of their respective agency and/or employment and/or in the promotion of Clarion's business interests.

4.     Defendant Matthew Shaffer (hereinafter "Defendant Shaffer") was the Coordinator of Judicial Affairs and Residence Life Education at Clarion at all times relevant to this Amended Complaint.  Defendant Shaffer is being sued in his official and personal capacity.

5.     Defendant Harry Tripp (hereinafter "Defendant Tripp") was the Vice President of Student and University Affairs at Clarion at all times relevant to this Amended Complaint.  Defendant Tripp is being sued in his official and personal capacity.

6.     Defendant Christopher McCarrick (hereinafter "Defendant McCarrick") was the Chairman of the University Conduct Board at Clarion at all times relevant to this Amended Complaint and, as such, presided over the disciplinary hearing of Plaintiff, which led to his expulsion.  Defendant McCarrick is being sued in his official and personal capacity.

7.     Defendant Karen Whitney (hereinafter "Defendant Whitney") was the President of Clarion at all times relevant to this Amended Complaint.  Defendant Whitney is being sued in her official and personal capacity.

8.     Defendant Lisa Hepler (hereinafter "Defendant Hepler") was the Registrar at Clarion at all times relevant to this Amended Complaint.  As such, she was

responsible for responding to requests for student records. Defendant Hepler is being sued in her official and personal capacity.

9. Defendant John Doe, (hereinafter "Defendant Doe") is an employee at Clarion University. Defendant Doe is sued in his official and personal capacity.

## JURISDICTION AND VENUE

10. Plaintiff invokes this Court's original jurisdiction under Title IX of the Education Act Amendments of 1972, 20 U.S.C. §1681, et seq. and 28 U.S.C. 1331.

11. Several of the claims below are made pursuant to the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1988. Accordingly, this Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

12. Plaintiff also invokes this Court's jurisdiction over related state common law and statutory claims under the principles of ancillary and/or pendent jurisdiction pursuant to 28 U.S.C. §1367.

13. Venue is proper in the Western District of Pennsylvania by reason of 28 U.S.C. § 1391(b) because a substantial number of the acts and omissions that give rise to this Amended Complaint occurred in this judicial district.

## FACTUAL ALLEGATIONS

14. Plaintiff became a fulltime matriculating student at Clarion in August 2011.

15. At all times relevant hereto, Plaintiff remained in good academic and financial standing at Clarion.

16.     Clarion and the individual defendants wrongfully expelled Plaintiff after they held a disciplinary hearing about his alleged criminal conduct at the same time the criminal charges were pending against Plaintiff arising out of the same alleged wrongful conduct.

17.     Clarion and the individual defendants further violated Plaintiff's rights when Clarion officials learned that the alleged conduct, which was the subject of the disciplinary hearing, was patently false and failed to reverse its determination to expel Plaintiff.

18.     On October 27, 2013, Plaintiff was arrested by Clarion's police department based upon false allegations and reports provided by Clarion student Kasie Sansonetti.

19.     Kasie Sansonetti, a Caucasian female, intentionally and wrongfully accused Plaintiff of raping her during a party in her dorm room on October 26, 2013.

20.     Plaintiff never had sexual intercourse with Ms. Sansonetti.

21.     Because of Ms. Sansonetti's false allegations against Plaintiff, on October 27, 2013, Clarion Campus Police charged Plaintiff with rape in violation of Pennsylvania Crimes Code—Sexual Offenses, 18 Pa. C.S. § 3121.

22.     Based upon Ms. Sansonetti's false allegations against Plaintiff, the Clarion County District Attorney's Office charged Plaintiff with two felonies: Rape Forcible Compulsion and Sexual Assault; five misdemeanors: Unlawful Restraint/Involuntary Servitude, Indecent Assault without Consent of Other (three counts), and False Imprisonment; and one summary offense: Harassment..

23.     By letter dated October 27, 2013, and because of Ms. Sansonetti's false allegations of rape against Plaintiff, Defendant Tripp, Clarion's Vice President of Student Life and University Affairs, immediately suspended Plaintiff from Clarion, and informed Plaintiff that he was accused of violating its 2013-2014 Student Rights, Regulations, and Procedures Handbook (the "Student Handbook").

24.     The letter failed to state or detail which violations Plaintiff had been cited for, but did state "it is alleged that you were involved in an incident at Reinhard Villages in the early morning hours of Sunday, October 27, 2013 where you sexually assaulted and/or raped a female student in her room."

25.     As stated above, Clarion and Defendant Tripp banned Plaintiff from campus, effective immediately, and prohibited him from attending or participating in his classes.  This was done without a hearing of any sort and without regard to Plaintiff's innocence or guilt of the charges against him.

26.     The letter refers to Kasie Sansonetti, Plaintiff's accuser, as "the survivor of a sexual assault and/or rape."  As such, within hours of Ms. Sansonetti's untrue charges against Plaintiff, Clarion and Defendant Tripp had already decided that she had survived a sexual assault and/or rape by Plaintiff.

27.     Not to be outdone, Defendant Shaffer, Clarion's Coordinator of Judicial Affairs and Residence Life Education, acted as the *de-facto* prosecutor against Plaintiff at all times relevant to this Amended Complaint, investigating the case against Plaintiff, and, in his own words working in "conjunction with the survivor of this reported rape" to present evidence against Plaintiff at a hearing before the Clarion Judicial Board.

28.     On Monday, October 28, 2013, Defendant Matthew Shaffer and another Clarion staff member blindsided Plaintiff as he sat alone and terrified in the Clarion County Jail, where he was being held, pending bail, because of the false allegations made by Ms. Sansonetti.

29.     Defendant Shaffer questioned Plaintiff outside the presence of his attorney about the alleged incident between Plaintiff and Ms. Sansonetti.  Defendant Shaffer showed no regard for Plaintiff's Constitutional rights or for Clarion's own student polices.

30.     Defendant Shaffer failed to explain to Plaintiff that he was responsible for prosecuting the case against him before the University Conduct Board, but instead, led Plaintiff to believe that he was a neutral party investigating the allegations.

31.     Plaintiff expected that Clarion's Judicial Policy Handbook (hereinafter "Student Handbook") and its policies related to students and alleged student conduct would not violate his constitutionally protected rights to due process.

32.     The Student Handbook sets forth Clarion's policies and procedures for the investigation, adjudication, or mediation of alleged disciplinary violations, including alleged violations of the University's sexual misconduct policy.[1]

33.     Clarion's Student Handbook does not state whether or not the accused student is required to attend the hearing.

---

[1] The Student Handbook in effect at all times relevant to this Amended Complaint is attached hereto as Exhibit A.  Plaintiff incorporates the Student Handbook into this Amended Complaint as if it were fully restated in its entirety.

34.     The Student Handbook includes a "Sexual Violence and/or Sexual Assault" Policy and a "Students' Bill of Rights" Policy.  Despite its name, the Students' Bill of Rights is written specifically for "survivors of sexual assault" and other harms and provides no protections for those accused of such harms.

35.     Neither the Sexual Violence and/or Sexual Assault Policy nor the Students' Bill of Rights state whether witnesses may be called at the administrative hearing.  Also, these policies do not state whether the accuser is required to provide a list of witnesses to be called at the hearing to the accused student.

36.     Clarion's Students' Bill of Rights Policy provides the accuser the right to an advisor at any administrative hearing or related proceedings.  According to the Student Handbook, an advisor may include legal counsel at the expense of the student.  When the facts giving rise for alleged disciplinary misconduct form the basis of pending criminal charges, the Student Handbook does not afford an accused student the right to counsel or legal representation at the administrative hearing in a manner that protects his constitutional rights.

37.     Clarion's Students' Bill of Rights Policy prohibits those accused of sexual misconduct from challenging the accuser with the method of cross-examination at the hearing.  (*Id*. at page 39-40) ("The complaint and accused student(s) will not directly ask questions of each other as to not perpetuate a hostile environment any further.").

38.     Clarion's "Sexual Violence and/or Sexual Assault" Policy requires that "the impartial…committee, board, panel, or individual appointed, base all decisions on 'whether it is more likely than not' that the student has violated the Student

Code"…thereby applying the low "preponderance of the evidence" standard, even for the most serious of charges with the most sever potential punishments. (*Id.* at 23).

39.     Clarion's Sexual Violence and/or Sexual Assault Policy includes a "Notice of Nondiscrimination" which provides:

> **Clarion University of Pennsylvania is committed to** equal employment and **equal educational opportunities for all qualified individuals regardless** of race, color, **sex**, religion, national origin, affectional or sexual orientation, age gender identity, disability, or other classifications that are protected under Title IX of Education Amendments of 1972, Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990 and other pertinent state and federal laws and regulations.

(See Exhibit A at 37) (emphasis added).

40.     On November 18, 2013, while false criminal allegations were pending against him, Clarion notified Plaintiff of a hearing for disciplinary misconduct and the charges for sexual assault and rape scheduled for December 3, 2013.

41.     Clarion knew that the criminal charges against Plaintiff would not be resolved by December 3, 2013 and that by scheduling the hearing about the false charges so soon, Plaintiff would not be able to fully and completely defend himself against Ms. Sansonetti's false allegations of rape.

42.     At the scheduled hearing, Plaintiff would be allowed to have an advisor present, but he would be required to testify at the hearing as the letter stated, "…you will be the person talking with the Board for yourself."

43.     Without providing Plaintiff the opportunity to be fully heard, Clarion expelled Plaintiff on or about December 3, 2013, based on false information.

44.    Clarion afforded Plaintiff no constitutional or procedural protections to allow him to present a defense to the false allegations.

45.    In a letter dated December 3, 2013, Defendant McCarrick informed Plaintiff that he had been expelled and that he had three days to appeal this expulsion to the University President, or her designees.

46.    Plaintiff was prohibited from returning to the Clarion campus or participating in his classes for the rest of the semester.

47.    On December 19, 2013, because of Defendants' wrongful conduct, Defendant Hepler notified Plaintiff that he was placed on "Academic Probation."

48.    Defendants' actions caused Plaintiff to receive failing grades in all of the classes that he had enrolled in that semester.

49.    Months later, in the summer of 2014, the DNA results from the rape kit conducted on Ms. Sansonetti strongly suggested that she had vaginal sexual intercourse with two males on October 26, 2013, neither of whom were Plaintiff.

50.    No DNA from Plaintiff was found anywhere on Ms. Sansonetti's body.

51.    Because there was no evidence to support Ms. Sansonetti's untrue story, the District Attorney's office dropped all charges against Plaintiff.

52.    In the fall of 2014, Plaintiff applied to Temple University in Philadelphia. He was denied admission because his disciplinary report from Clarion indicated that he had been found guilty of sexual misconduct, and stated that he received failing grades in the fall term of 2013 because he had refused the opportunity to attend or participate in his classes.

53.     In January, 2015, Plaintiff contacted officials at Clarion, including Matthew Schaffer, and asked to appeal the findings of Clarion's University Conduct Board, because the rape kit administered on Ms. Sansonetti had not found Plaintiff's DNA anywhere on her body. Plaintiff asked if he might return to Clarion to finish his undergraduate degree. He also asked that his transcript be amended to show that he had not committed a sexual assault.   School officials, including Defendant Shaffer, refused to consider this request.

54.     School officials also refused to correct Plaintiff's academic transcript, which still shows that he received failing grades in all of his classes for the fall of 2013, despite the fact that Plaintiff was unable to attend or participate in his classes.

55.     Defendants' conduct and its/their failure to correct its violations of Plaintiff's rights have specifically impaired his ability to attend Clarion and have caused other colleges and universities to reject him for admission.

56.     Despite this specific knowledge, and in reckless disregard for their conduct and their violation of Plaintiff's rights, Defendants have refused to readmit Plaintiff and have impaired Plaintiff's ability to obtain a college education.

57.     In refusing his request, Defendant Shaffer compared Plaintiff to O.J. Simpson to support his decision.

58.     Defendants discriminated against Plaintiff because of his gender: a female student in a similar situation would have received different treatment.

# COUNT I
## Violation of Title IX of Education Amendments of 1972, 20 U.S.C. §1681, et seq.
### (Plaintiff v. Clarion)

59.     Plaintiff incorporates by reference each of the paragraphs above as if fully set forth herein.

60.     Title IX the of Education Act Amendment of 1972, 20 U.S.C. §1981, et seq. ("Title IX"), provides in relevant part that "[n]o person in the United States shall, on the basis sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance."

61.     Title IX is enforceable through an implied right of action affording an individual discriminated against due to his or her gender pecuniary damages and equitable relief.

62.     Clarion is a public college receiving federal funding in various forms, including but not limited to grants and federal student loans provided to Clarion for its students or given to Clarion by the federal government directly.

63.     Clarion has discriminated against Plaintiff, on the basis of his sex, through discriminatory, gender-biased implementation of Clarion's policies and procedures.

64.     Clarion initiated and conducted an investigation and hearing that was biased against Plaintiff due to his gender.

65.     Clarion denied Plaintiff the right to legal representation at the hearing by prohibiting anyone from speaking on his behalf.

66.     Clarion scheduled a hearing to illicit and compel Plaintiff's testimony while false criminal allegations were pending against him.

67.     Clarion did not provide Plaintiff an opportunity to present his version of events in a manner that would not jeopardize his constitutional rights in the pending criminal case.

68.     These actions violate the Student Handbook policies and procedures and demonstrate Defendants' discriminatory bias against Plaintiff based on his gender.

69.     Even assuming arguendo that Clarion had complied with its policies and procedures (which it did not), such rules afford varying rights to women and men as in virtually all cases of alleged sexual misconduct at Clarion, the accused student is a male and the accusing student is a female.

70.     Furthermore, the policies set forth in the Student Handbook violate Title IX, by forcing an individual facing criminal charges and disciplinary proceedings arising from the same facts to choose between diminished educational opportunities based on disciplinary sanctions and the increased risk of a criminal conviction with the possibility of imprisonment.

71.     Clarion's policies and procedures have deprived Plaintiff, on the basis of his sex, of educational opportunities and of the benefits of a properly functioning University Conduct Board.  As examples, the policies and procedures as designed and implemented afford rights to the accuser rather than the accused; they do not allow for the presence of legal counsel to aid in the defense of sexual misconduct charges and

they deny a student accused of sexual misconduct the right to confront and/or cross-examine the accuser.

72. Clarion's policies and procedures have deprived Plaintiff of the benefits of Clarion's educational program, on the basis of his sex, because the Student Handbook does not state when the University Conduct Board's decision becomes final.

73. Due to his gender, Clarion imposed sanctions on Plaintiff that were excessively severe, especially in light of the lack of physical or medical evidence, and the unresolved pending criminal charges, including DNA results.

74. Plaintiff, based solely on his gender, was discriminated against by Clarion in violation of Title IX and, as a result, Plaintiff has been seriously and irreparably damaged.

75. Clarion acted with deliberate indifference to these known acts of discrimination.

76. As a direct and proximate consequence of Clarion's Title IX violations, Plaintiff has sustained significant damages including, but not limited to having an academic and/or disciplinary record(s) that improperly reflects that he was found to have committed sexual misconduct, harassment and/or other related offenses.

77. This black mark on Plaintiff's record coupled with his poor academic record from fall 2013 when he was prohibited from attending classes in person or online, inhibited his ability to enroll in a similarly ranked and esteemed college or university and stigmatized Plaintiff as he now has a record that notes findings of guilt for misconduct he did not commit.

78.     Plaintiff has also suffered monetary damages, emotional distress, loss of educational opportunities, and other direct and consequential damages.

79.     As a direct and proximate consequence of Clarion's Title IX violations, Plaintiff has lost any and all monies he has paid to Clarion to obtain a undergraduate degree (including but not limited to tuition, living expenses, books, and transportation costs) since he enrolled in 2011, as he was forced to leave college in the middle of his junior year without a certificate of graduation.

80.     Plaintiff is entitled to recover damages for Clarion's Title IX violations.

**COUNT II**
**Violation of the Due Process Pursuant to the Fifth and Fourteenth Amendment of the United States Constitution, Under 42 U.S.C. § 1983**
**(Plaintiff v. Defendants Shaffer, Tripp, McCarrick, Whitney and Doe)**

81.     Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

82.     Plaintiff names defendants Shaffer, Tripp, McCarrick and Whitney and Doe as defendants who directly caused, approved and/or participated in the expulsion of Plaintiff, failed to reconsider Plaintiff's expulsion on the basis of exculpatory evidence and implemented and enforced the consequences of that expulsion.

83.     The Fifth Amendment to the United States Constitution, made applicable to the State of Pennsylvania by the Fourteenth Amendment, provides that no person shall "be deprived of life liberty, or property, without due process of law."

84.     The Fourteenth Amendment to the United States Constitution provides that no state shall deprive "any person of life liberty or property without due process of law."

85.     The Due Process Clauses of the United States Constitution is implicated by higher education disciplinary decisions under the Clarion University Judicial Policy and by the actions of Defendants.

86.     Clarion, and its employees and representatives, have a constitutional obligation to provide a fundamentally fair and reliable hearing process.

87.     Plaintiff has a protected liberty interest in his good name, reputation, honor and integrity, or which he cannot be deprived without due process.  Plaintiff also had a constitutionally protected liberty interest in pursuing his education at Clarion University.

88.     Plaintiff has a protected property interest in pursuing his education at Clarion, or elsewhere, as well as future educational and employment opportunities, for which he cannot be deprived without due process.

89.     Plaintiff was entitled to a fair and impartial process of adjudication of the disciplinary claims against him, commensurate with the seriousness of the allegations and the potential discipline, sanctions, and repercussions he was facing.  Defendants' decision to expel Plaintiff and/or implement the consequences of expulsion, based upon scant evidence, after a hearing process that did not provide him with the due process he was entitled to, may have life-long financial and reputational consequences for Plaintiff.

90.     Plaintiff was entitled to fundamentally fair procedures to determine whether he was responsible for the alleged sexual misconduct including, but not limited to:

    a. A hearing at which he could participate, without fear that his statements might be used against him in the ongoing criminal investigation;

    b. An opportunity to cross-examine his accuser;

    c. The opportunity to be questioned with an attorney present at all stages of the proceedings, including the investigatory phase of the proceeding;

    d. A meaningful opportunity to appeal the decision of the University Conduct Board based upon exculpatory evidence.

91.     Defendants have violated Plaintiff's substantive due process rights in the following manner:

    a. Clarion officials, including but not limited to Defendant Shaffer, conducted a biased investigation of the alleged incident, which he then provided to the University Conduct Board;

    b. University Conduct Board officials, including the named Defendants, expelled Plaintiff from Clarion based upon inadequate evidence of his guilt, thereby failing to properly apply the rules set forth in the University Judicial Policy.

c.  Defendants refused to reconsider their decision to expel Plaintiff and damage his academic record, even when presented with evidence of Plaintiff's innocence.

92.  Plaintiff was disciplined, expelled and sanctioned by the individual defendants named in this Count, depriving him of his liberty and property interests, without being afforded due process.

93.  Defendants Shaffer, Tripp, McCarrick, Whitney and John Doe and representatives of Clarion were acting under color of state law when they showed intentional outrageous and reckless disregarding for Plaintiff's constitutional rights.

94.  As a result of these due process violations, Plaintiff was expelled from Clarion, with the record of a disciplinary finding for sexual misconduct and a semester of failing grades, marring his otherwise excellent academic transcript.

95.  As a result of these due process violations, Plaintiff suffers ongoing harm, including to his reputation, the tuition he paid for the fall, 2013 semester, difficultly in seeking admittance to alternative universities and other damages.

96.  Plaintiff was compelled to vacate campus housing, forgo the benefit of his tuition for a full semester and had great difficult enrolling in another undergraduate institution.

97.  Accordingly, Defendants Shaffer, Tripp, McCarrick, Whitney and Doe are liable to Plaintiff for violating his right to procedural and substantive due process under the Fifth and Fourteenth Amendment of the United States Constitution, and are liable for all damages resulting therefrom.

**COUNT III**
**Depravation of Equal Protection Rights Pursuant to the Fourteenth Amendment**
**of the United States Constitution, Under 42 U.S.C. § 1983**
**(Plaintiff v. Defendants Shaffer, Tripp, McCarrick, Whitney and Doe)**

98.   Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

99.   The Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws."

100.   The Equal Protection Clause of the United States Constitution is implicated by higher education disciplinary decisions under the Clarion University Judicial Policy and by the actions of Defendants.

101.   Clarion, and its employees and representatives, have a constitutional obligation to provide a fundamentally fair and reliable hearing process.

102.   Plaintiff, an African-American male, is a member of protected classes.

103.   At all times relevant to this Amended Complaint, Plaintiff, a student at Clarion University, was similarly situated to members of the unprotected classes.

104.   However, Defendants treated Plaintiff differently from members of the unprotected class.

105.   As stated in detail above, Defendants discriminated against Plaintiff, on the basis of his sex, through discriminatory, gender-biased implementation of Clarion's policies and procedures.

106.    Additionally, Defendant Shaffer invoked racial animus into the proceedings by comparing Plaintiff, an African-American male accused of raping a Caucasian female, to O.J. Simpson.

107.    In expelling Plaintiff, Defendants committed many actions that violate the Student Handbook policies and procedures and demonstrate Defendants' discriminatory bias against Plaintiff based on his protected classes.

108.    Even assuming arguendo that Defendants had complied with Clarion's policies and procedures (which they did not), such rules afford varying rights to women and men as in virtually all cases of alleged sexual misconduct at Clarion, the accused student is a male and the accusing student is a female.

109.    Clarion's policies and procedures have deprived Plaintiff, on the basis of his protected classes, to the equal protection of law.  The policies and procedures as designed and implemented amount to purposeful discrimination because they afford rights to the accuser rather than the accused.

110.    Due to his protected classes, Defendants imposed sanctions on Plaintiff that were excessively severe, especially in light of the lack of physical or medical evidence, and the unresolved pending criminal charges, including DNA results.

111.    As a result of Defendants violations of the Equal Protection Clause, Plaintiff has been seriously and irreparably damaged and Plaintiff has sustained significant damages including, but not limited to having an academic and/or disciplinary record(s) that improperly reflects that he was found to have committed sexual misconduct, harassment and/or other related offenses.

112.     This black mark on Plaintiff's record coupled with his poor academic record from fall 2013 when he was prohibited from attending classes in person or online, inhibited his ability to enroll in a similarly ranked and esteemed college or university and stigmatized Plaintiff as he now has a record that notes findings of guilt for misconduct he did not commit.

113.     Plaintiff has also suffered monetary damages, emotional distress, loss of educational opportunities, and other direct and consequential damages.

114.     As a direct and proximate consequence of Defendants violations of the Equal Protection Clause, Plaintiff has lost any and all monies he has paid to Clarion to obtain a undergraduate degree (including but not limited to tuition, living expenses, books, and transportation costs) since he enrolled in 2011, as he was forced to leave college in the middle of his junior year without a certificate of graduation.

**COUNT IV**
**DEFAMATION**
**(Plaintiff v. Defendants Shaffer, Tripp, McCarrick, Whitney and Doe)**

115.     Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

116.     Officials from Clarion made false statements to outside parties, including officials from Temple University, stating that Plaintiff had been the perpetrator of a sexual assault while he was a student at Clarion.

117.     Officials at Clarion made false statements to outside parties, including officials from Temple University, when they represented to those outside parties that Plaintiff had earned failing grades for the fall semester of 2013.  In fact, Clarion had

assigned these grades to Plaintiff after they refused to allow him to participate in his coursework, but his scholastic record did not reflect that fact.

118.    These statements were made with negligence, reckless disregard of their truth or falsity, and/or malice.

119.    The statements of Clarion officials tainted and did damage to Plaintiff's reputation.

**COUNT V**
**BREACH OF CONTRACT**
**(Plaintiff v. Defendants Clarion, Shaffer, Tripp, McCarrick, Whitney and Doe)**

120.    Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

121.    At all times relevant hereto, a contractual relationship existed between Clarion and its employees and Plaintiff through, inter alia, Clarion's Student Handbook.

122.    Defendants were required to act in accordance with the Student Handbook in addressing complaints of sexual misconduct, conducting investigations of such complaints, adjudicating sexual misconduct charges, and deciding requests for appeal.

123.    For all the reasons set forth above, Clarion and other named defendants have materially breached its contracts with Plaintiff by failing to comply with the policies and procedures governing sexual misconduct proceedings set forth in the Student Handbook.

124.    As a direct, proximate and foreseeable consequence of Defendants' numerous material breaches, Plaintiff has sustained significant damages including, but

not limited to, having an academic and/or disciplinary record(s) that improperly includes a notation indicating that he was found to have committed sexual misconduct, harassment and/or other related offenses and that he received failing grades for the fall semester of 2013.

125.    These negative marks on Plaintiff's record inhibited his ability to enroll in a similarly ranked and esteemed college or university and stigmatizes Plaintiff as he maintains a record that notes findings of guilt for conduct he did not commit.  Plaintiff has also suffered monetary damages, loss of education opportunities, and other direct and consequential damages.

126.    Plaintiff is entitled to recover damages for Clarion's breach of its contractual obligations and duties.

## COUNT VI
### Promissory Estoppel
### (Plaintiff v. Defendants Clarion, Shaffer, Tripp, McCarrick, Whitney and Doe)

127.    Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

128.    Plaintiff believes that Clarion's Student Handbook serves as a binding contract that Defendants have materially breached multiple provisions therein relating to the sexual misconduct proceedings in this case.

129.    However, in the event the Court were to find that no such contract exists, Defendants, through but not limited to Clarion's regulations, standards, procedures and policies, made representations to Plaintiff, independent of any express contractual

promises, that Clarion expected or should have expected would induce Plaintiff to apply to and continue to enroll at the University.

130.    Clarion and its employees expected or should have expected Plaintiff to accept its offer of admission and incur the tuition, fees and costs necessary for enrollment based on the University's regulations, standards, procedures and policies.

131.    Plaintiff relied on Defendants' expressed and implied promises that he would not be discriminated against by the University and would be afforded the aforementioned rights set forth in the Student Handbook

132.    Plaintiff justifiably relied on Defendants' express and implied promises to his detriment, as Clarion failed to adhere to its regulations, standards, procedures and policies and did, in fact discriminate against him with the rights set forth in the Student Handbook.

133.    As a direct, proximate and readily foreseeable consequence of the above-identified conduct, Plaintiff has sustained significant damages including, but not limited to, possessing an academic and/or disciplinary record(s) that improperly includes a notation indicating that he was found to have committed sexual misconduct, and/or other related offenses and that he received failing grades for the fall semester of 2013.

134.    These negative marks on Plaintiff's record inhibited or destroyed his ability to enroll in a similarly ranked and esteemed college or university and stigmatizes Plaintiff as he maintains a record that notes findings of guilt for conduct he did not commit.    Plaintiff has also suffered monetary damages, emotional distress, loss of educational opportunities, and other direct and consequential damages.

# COUNT VII
## NEGLIGENCE
### (Plaintiff v. Defendants Clarion, Shaffer, Tripp, McCarrick, Whitney and Doe)

135.    Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

136.    Clarion and its employees owed duties of care to Plaintiff independent of any contractual duties including, but not limited to:

    a. To ensure that its policies and procedures concerning sexual misconduct are fair, reasonable and do not violate the due process rights of the accused student;

    b. To ensure that its policies and procedures concerning sexual misconduct are compliant with applicable federal/state law, including Title IX and the United States Constitution;

    c. To adequately train its administration, staff, employees and representatives of such policies and procedures concerning sexual misconduct; and,

    d. To ensure that its administration, staff, employees and representatives adhere to such policies and procedures.

137.    Based on the aforementioned facts and circumstances, Defendants have breached their duties of care owed to Plaintiff.

138.    As a direct, proximate and readily foreseeable consequence of the above-identified conduct, Plaintiff has sustained significant damages including, but not limited to, possessing an academic and/or disciplinary record(s) that improperly includes a notation indicating that he was found to have committed sexual misconduct, harassment and/or other related offenses and that he received failing grades for the fall semester of 2013.

139.    These negative marks on Plaintiff's record inhibited or destroyed his ability to enroll in a similarly ranked and esteemed college or university and stigmatizes Plaintiff as he maintains a record that notes findings of guilt for conduct he did not commit.

140.    Defendants' negligence has also caused Plaintiff to suffer monetary damages, emotional distress, loss of educational opportunities, and other direct and consequential damages.

**COUNT VIII**
**INJUNCTIVE RELIEF PURSUANT TO 42 U.S.C. § 1983 AND DEFAMATION**
**(Plaintiff v. All Defendants)**

141.    Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

142.    Based on the aforementioned facts and circumstances, Plaintiff is entitled to equitable relief due to Defendants' numerous violations of federal and state law.

143.    As a result of these violations, Plaintiff's education, professional career, and reputation have been severely damaged.

144.    Without appropriate and timely redress from this Court, the inequitable findings and sanction caused by Defendants, imposed by the University Conduct Board and upheld by the Office of the President will be irreversible and follow Plaintiff beyond his academic career.

145.    Plaintiff asks the Court to enjoin Defendants from copying or reproducing copies of Plaintiff's transcript which state that:

    a. He sexually assaulted or harassed another student;

    b. He received failing grades for the fall semester of 2013; and/or

    c. That he was expelled from Clarion.

146.   Plaintiff asks that this injunctive be enforced immediately, pending the resolution of this action.

**COUNT IX**
**Negligent Infliction of Emotional Distress**
**(Plaintiff v. Defendants Clarion, Shaffer, Tripp, McCarrick, Whitney and Doe)**

147.   Plaintiff incorporates each of the above paragraphs as if fully set forth herein.

148.   As established above, Clarion and its employees owed contractual and fiduciary duties of care to Plaintiff including, but not limited to:

    a. To ensure that its policies and procedures concerning sexual misconduct are fair and reasonable;

    b. To ensure that its policies and procedures concerning sexual misconduct are compliant with applicable federal/state law, namely but not limited to Title IX;

    c. To adequately train its administration, staff, employees and representatives of such policies and procedures concerning sexual misconduct; and,

    d. To ensure that its administration, staff, employees and representatives adhere to such policies and procedures.

149.   Based on the aforementioned facts and circumstances, Defendants have breached their duties of care owed to Plaintiff.

150.   As a direct, proximate and readily foreseeable consequence of the above-identified conduct, Plaintiff has sustained significant damages including, but not limited

to, possessing an academic and/or disciplinary record(s) that improperly includes a notation indicating that he was found to have committed sexual misconduct, harassment and/or other related offenses and that he received failing grades for the fall semester of 2013.

151. These negative marks on Plaintiff's record inhibited or destroyed his ability to enroll in a similarly ranked and esteemed college or university and stigmatizes Plaintiff as he maintains a record that notes findings of guilt for conduct he did not commit.

152. As a direct, proximate and readily foreseeable consequence of the above-identified conduct, Plaintiff suffered and will continue to suffer inter alia, humiliation, mental anguish, severe emotional distress, physical harm, financial loss, and loss of educational, social and occupational opportunities, all of which may have a permanent effect on Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor against Defendants and provide the following relief:

1. Mandate that Clarion correct Plaintiff's academic and/or disciplinary record to remove any findings issued by the University with respect to the charges levied against him by Clarion and/or Ms. Sansonetti;

2. Mandate that Clarion verify this correction by providing Plaintiff with a notarized letter confirming that any findings with respect to these charges have been expunged from Plaintiff's academic and/or disciplinary record;

3. Mandate that Clarion remove any grades issued to Plaintiff during the fall 2013 semester when he was refused access to pre-paid educational opportunities at Clarion by prohibiting him from taking classes in person on campus or online;

4. In the alternative, mandate that Clarion correct Plaintiff's academic and/or disciplinary record to remove the items listed in the first and third requests for relief pending the outcome of this action.

5. Award Plaintiff compensatory damages, in addition to prejudgment interest, attorneys' fees, expenses and costs;

6. Award Plaintiff damages in an amount to be determined at trial, including, but not limited to economic damages, damages to physical well-being, emotional damages, damages to reputation, loss of career prospects as well as prejudgment interest; and,

7. Award Plaintiff any other and further relief that the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: November 23, 2015    By: /s/ Dana Bazelon
                                     Dana Bazelon
                                     **Law Offices of Dana Bazelon**
                                     One South Broad Street
                                     Suite 1500
                                     Philadelphia, PA 19107


                                     /s/ Riley H. Ross III
                                     Riley H. Ross III
                                     **Ross Legal Practice, LLC**
                                     Two Penn Center
                                     1500 JFK Blvd., Suite 1525
                                     Philadelphia, PA 19102
                                     ***Attorneys for Plaintiff, Tafari A. Haynes***